IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Constellation Mystic Power, LLC,<br><br>*Petitioner,*<br><br>v.<br><br>Federal Energy Regulatory Commission,<br><br>*Respondent.* | CASE NO. 21-1198 (LEAD)<br>(CONSOLIDATED WITH CASE NOS. 21-1222, 21-1223, 21-1224, 22-1001, 22-1008, AND 22-1026) |

**MOTION OF CONSUMER PETITIONERS TO
HOLD PROCEEDINGS IN ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27, Massachusetts Attorney General, petitioner in No. 21-1223, Connecticut Parties,[1] petitioners in Nos. 21-1222 and 22-1001, and Eastern New England Consumer Owned Systems,[2] petitioner in No. 21-1224 (collectively, the "Consumer Petitioners") jointly move to hold in abeyance the proceedings in the above-captioned consolidated cases until 30 days after this Court issues an opinion in *MISO Transmission Owners v. FERC*,

---

[1] The Connecticut Parties are the Connecticut Public Utilities Regulatory Authority, the Connecticut Department of Energy and Environmental Protection, and the Connecticut Office of Consumer Counsel.

[2] The Eastern New England Consumer-Owned Systems are Braintree Electric Light Department, Concord Municipal Light Plant, Georgetown Municipal Light Department, Hingham Municipal Lighting Plant, Littleton Electric Light & Water Department, Middleborough Gas and Electric Department, Middleton Electric Light Department, Norwood Municipal Light Department, Pascoag Utility District, Reading Municipal Light Department, Taunton Municipal Lighting Plant and Wellesley Municipal Light Plant.

No. 16-1325 (D.C. Circuit) (argued November 18, 2021, decision pending) ("*MISO Transmission Owners*"). The parties will file, jointly or individually, motions to govern future proceedings on or before the date on which the abeyance expires.

Consumer Petitioners are authorized to represent that the Respondent, the Federal Energy Regulatory Commission (the "Commission" or "FERC") does not oppose the motion. Counsel for Constellation Mystic Power, LLC ("Constellation"), petitioner in Case Nos. 21-1198, 22-1008, and 22-1026, has indicated that Constellation opposes this motion. The Commission, Consumer Petitioners, and Constellation each reserve their rights to file dispositive and procedural motions after the abeyance is lifted.

In support of this request, Consumer Petitioners state:

These consolidated petitions seek review of a set of four Commission orders setting the return on equity component of the rates to be charged under a Commission-approved contract between Constellation and ISO New England Inc.[3]

---

[3] Those orders, issued in *Constellation Mystic Power, LLC*, FERC Docket Nos. ER18-1639-000, *et al.*, are: Order Setting Base ROE, 176 FERC ¶ 61,019 (2021); Notice of Denial of Rehearings By Operation of Law and Providing For Further Consideration, 176 FERC ¶ 62,127 (2021); Order Addressing Arguments Raised On Rehearing, And Setting Aside Order, In Part, 177 FERC ¶ 61,106 (2021); and Notice of Denial of Rehearing By Operation of Law and Providing For Further Consideration, 178 FERC ¶ 62,028 (2022).

In an order dated May 24, 2022, the Court established a briefing schedule for these consolidated petitions.

Abeyance is appropriate because the matters at issue in the consolidated appeals overlap significantly with issues presented in *MISO Transmission Owners*, which involves challenges to the Commission's methodology for setting the return on equity component of rates charged under Commission-jurisdictional tariffs. The Commission set the return on equity component used in calculating Constellation's rates using the methodology challenged in *MISO Transmission Owners*.

Because the instant case and *MISO Transmission Owners* both involve challenges to the same methodology, judicial economy would be best served by delaying briefing in this case until after the Court issues its opinion in *MISO Transmission Owners*.[4] Granting this motion will avoid the possibility that parties will need to submit additional or amended briefs if the opinion in *MISO Transmission Owners* is issued after the submission of briefs in these proceedings. Even more important, the Court's opinion in *MISO Transmission Owners* could moot some of the issues that Consumer Petitioners intend to brief in this proceeding. Finally, Consumer Petitioners submit that granting this motion will allow the Court

---

[4] Briefing in *MISO Transmission Owners* was completed on August 19, 2021; the case was argued before this Court on November 18, 2021.

3

to ensure that its opinion in this proceeding is consistent with its opinion in *MISO Transmission Owners*.

Granting this motion would also be consistent with the Court's practice of holding one case in abeyance until a related case or a case presenting similar issues is decided. *See Canadian Ass'n of Petroleum Producers v. FERC*, 308 F.3d 11, 14 (D.C. Cir. 2002) ("Upon the CAPP's motion, we held the briefing in this case in abeyance pending our disposition of *CAPP I*, a related petition . . ."); *Gray v. West*, 172 F.3d 919, 1998 WL 794883, at *1 (D.C. Cir. 1998) (unpublished table decision) ("Her case was held in abeyance, however, pending the outcome of *Saksenasingh v. Secretary of Education*, 126 F.3d 347 (D.C.Cir.1997), a case that presented similar issues."); *see also Cent. Hudson Gas & Elec. Corp. v. FERC*, No. 21-1256 (May 3, 2022) (ordering that the consolidated cases be held in abeyance, and ordering motions to govern future proceedings within 30 days of the Court's disposition in a pending case raising similar issues).

Accordingly, the Consumer Petitioners request that these consolidated proceedings be held in abeyance until 30 days after this Court issues its decision in *MISO Transmission Owners*, No. 16-1325, at which time the parties will file, jointly or individually, motions to govern future proceedings. In addition, all parties reserve their rights to file dispositive and procedural motions after the abeyance is lifted.

Respectfully submitted,

| | |
|---|---|
| */s/ Seth A. Hollander* | */s/ Scott H. Strauss* |
| Seth A. Hollander | Scott H. Strauss |
| Assistant Attorney General—Special Litigation | Jeffrey A. Schwarz |
| | Latif M. Nurani |
| CONNECTICUT OFFICE OF THE ATTORNEY GENERAL | Amber L. Martin Stone |
| | SPIEGEL & MCDIARMID LLP |
| 10 Franklin Square | 1875 Eye Street NW |
| New Britain, CT 06051 | Suite 700 |
| Tel. (860) 827-2681 | Washington, DC 20006 |
| seth.hollander@ct.gov | Tel. (202) 879-4000 |
| | scott.strauss@spiegelmcd.com |
| | jeffrey.schwarz@spiegelmcd.com |
| | latif.nurani@spiegelmcd.com |
| | amber.martin@spiegelmcd.com |

*Counsel for Connecticut Public Utilities Regulatory Authority*

| | |
|---|---|
| */s/ Kirsten S. P. Rigney* | */s/ William E. Dornbos* |
| Kirsten S. P. Rigney | William E. Dornbos |
| Legal Director, Bureau of Energy Technology Policy | Assistant Attorney General |
| CONNECTICUT DEPARTMENT OF ENERGY AND ENVIRONMENTAL PROTECTION | CONNECTICUT OFFICE OF THE ATTORNEY GENERAL |
| | 165 Capitol Avenue |
| 10 Franklin Square | Hartford, CT 06141-0120 |
| New Britain, CT 06051 | Tel. (860) 808-5250 |
| Tel. (860) 827-2984 | william.dornbos@ct.gov |
| kirsten.rigney@ct.gov | |

*Counsel for Connecticut Department of Energy and Environmental Protection*

*/s/ Andrew W. Minikowski*
Andrew W. Minikowski
Julie Datres
Staff Attorneys
CONNECTICUT OFFICE OF CONSUMER
    COUNSEL
10 Franklin Square
New Britain CT 06051
Tel. (860) 827-2922
andrew.minikowski@ct.gov
julie.datres@ct.gov

*Counsel for Connecticut Office of Consumer Counsel*

s/ *John P. Coyle*
John P. Coyle
DUNCAN & ALLEN LLP
1730 Rhode Island Ave, NW, Suite 700
Washington, DC 20036
Tel. (202) 289-8400
jpc@duncanallen.com

*Counsel for Braintree Electric Light Department, Concord Municipal Light Plant, Georgetown Municipal Light Department, Hingham Municipal Lighting Plant, Littleton Electric Light and Water Department, Middleborough Gas & Electric Department, Middleton Electric Light Department, Norwood Municipal Light Department, Reading Municipal Light Department, Taunton Municipal Lighting Plant, Wellesley Municipal Light Plant, and Westfield Gas & Electric Light Department (the "Eastern New England Consumer-Owned Systems")*

MAURA HEALEY
ATTORNEY GENERAL

*/s/ Christina H. Belew*
Christina H. Belew
 Assistant Attorney General
OFFICE OF RATEPAYER ADVOCACY
OFFICE OF THE ATTORNEY GENERAL
  OF MASSACHUSETTS
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Tel. (617) 963-2380
christina.belew@state.mass.us

*/s/ Ashley M. Bond*
Ashley M. Bond
DUNCAN & ALLEN LLP
1730 Rhode Island Avenue NW
Suite 700
Washington, DC 20036
Tel. (202) 289-8400
amb@duncanallen.com

*Counsel for the Massachusetts Attorney General*

July 8, 2022

CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 818 words, excluding the parts exempted by Fed. R. App. P. 32(f).

/s/ Scott H. Strauss
Scott H. Strauss

Law Offices of:
    Spiegel & McDiarmid LLP
    1875 Eye Street NW
    Suite 700
    Washington, DC 20006
    (202) 879-4000

July 8, 2022

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 8th day of July, 2022, caused the foregoing motion to be electronically served through the Court's CM/ECF system.

*/s/ Scott H. Strauss*
Scott H. Strauss

Law Offices of:
    Spiegel & McDiarmid LLP
    1875 Eye Street, NW
    Suite 700
    Washington, DC  20006
    (202) 879-4000