IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Constellation Mystic Power, LLC,<br><br>*Petitioner,*<br><br>v.<br><br>Federal Energy Regulatory Commission,<br><br>*Respondent.* | CASE NO. 21-1198 (LEAD)<br>(CONSOLIDATED WITH CASE NOS. 21-1222, 21-1223, 21-1224, 22-1001, 22-1008, AND 22-1026) |

**REPLY OF CONSUMER PETITIONERS IN
SUPPORT OF MOTION TO HOLD
PROCEEDINGS IN ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27(a)(4), Connecticut Parties,[1] petitioners in Nos. 21-1222 and 22-1001, Massachusetts Attorney General, petitioner in No. 21-1223, and Eastern New England Consumer Owned Systems,[2] petitioners in No. 21-1224 (collectively, Consumer Petitioners) jointly reply to the

---

[1] The Connecticut Parties are the Connecticut Public Utilities Regulatory Authority, the Connecticut Department of Energy and Environmental Protection, and the Connecticut Office of Consumer Counsel.

[2] The Eastern New England Consumer-Owned Systems are Braintree Electric Light Department, Concord Municipal Light Plant, Georgetown Municipal Light Department, Hingham Municipal Lighting Plant, Littleton Electric Light & Water Department, Middleborough Gas and Electric Department, Middleton Electric Light Department, Norwood Municipal Light Department, Pascoag Utility District, Reading Municipal Light Department, Taunton Municipal Lighting Plant and Wellesley Municipal Light Plant.

response of Constellation Mystic Power, LLC (Mystic) opposing a limited abeyance in the above-captioned consolidated cases.[3]

As explained in the Consumer Petitioners' July 8 motion,[4] an order directing a brief abeyance is the proper course here because the issues presented by these consolidated proceedings overlap substantially with those presented in *MISO Transmission Owners v. FERC*, Nos. 16-1325 et al. (D.C. Circuit) (argued Nov. 18, 2021, decision pending) (*MISO Transmission Owners*).

Mystic criticizes Consumer Petitioners for "not identify[ing] what issues might be mooted, or . . . how." Mystic Response at 2. As noted in the July 8 Motion, the orders on review here and in *MISO Transmission Owners* are Federal Energy Regulatory Commission (FERC or Commission) decisions setting the return on equity (Return) component of Commission-jurisdictional rates. Motion at 3. In the orders on review in *MISO Transmission Owners*, FERC established a new methodology for setting utility Returns.[5] Petitioners Association of Businesses for Tariff Equity, *et al.* in Nos. 20-1248, 20-1251 and 20-1513 (Transmission Customer

---

[3] Constellation Mystic Power, LLC's Opposition to Motion to Hold Proceedings in Abeyance (Jul. 12, 2022), Doc. #1954596 (Mystic Response).

[4] Motion of Consumer Petitioners to Hold Proceedings in Abeyance (Jul. 8, 2022), Doc. #1954177 (July 8 Motion or Motion).

[5] *See Ass'n of Bus. Advocating Tariff Equity v. Midcontinent Indep. Sys. Operator, Inc.*, Opinion No. 569, 169 FERC ¶ 61,129 (2019), *order on reh'g*, Opinion No. 569-A, 171 FERC ¶ 61,154, *order on reh'g*, Opinion No. 569-B, 173 FERC ¶ 61,159 (2020).

Petitioners), consolidated for briefing in *MISO Transmission Owners,* challenge various aspects of that methodology, including: (1) FERC's use of a Capital Asset Pricing Model, which they contend is rife with errors (Transmission Customer Petitioners' Final Initial Brief on Return Issues at 10-21 (Mar. 11, 2021), Doc. #1889446); (2) FERC's reliance on a Discounted Cash Flow model that they assert under-weights long-term growth rates (*id.* at 21-25); and (3) FERC's adoption of Risk Premium modeling, which they argue was done despite the Commission's prior expression of "serious concern[s]" with that model (*id.* at 26-29).

The Commission applied the *MISO Transmission Owners* methodology in setting the Return for Mystic.[6] And like the Transmission Customer Petitioners in *MISO Transmission Owners*, Consumer Petitioners challenge here whether the Commission abused its discretion, acted arbitrarily and capriciously, or otherwise acted contrary to law by setting Mystic's allowed Return by: (1) relying on unrealistic assumptions in a Capital Asset Pricing Model study; (2) overweighting the short-term growth rate component (and underweighting long-term growth) in its Discounted Cash Flow methodology; and (3) relying on a Risk Premium

---

[6] *See Constellation Mystic Power, LLC*, 176 FERC ¶ 61,019, P 14 (2021) ("As discussed below, we apply the revised base ROE methodology that was adopted in Opinion No. 569, as modified in Opinion Nos. 569-A and 569-B, to this proceeding.").

methodology that it had previously rejected[7] without providing any reasoned explanation for its subsequent resuscitation of that methodology.[8]

The instant case and *MISO Transmission Owners* plainly involve substantially similar issues, and are matters that go to the heart of the Commission's Return methodology. But without knowing what the Court will decide in *MISO Transmission Owners*, attempts to identify with specificity how that decision will impact this case would be an exercise in speculation.

Mystic's concern that granting a limited abeyance would delay substantially the resolution of this case is off-base. As Mystic itself recognizes, "[t]he chances are very high that *MISO Transmission Owners* will be decided by this Court before [December 2022]." Mystic Response at 3. And while Mystic claims that any impact of *MISO Transmission Owners* can be addressed in reply briefs, *id.*, Mystic's advocacy of that approach ignores the general rule that reply briefs are intended to respond to arguments raised in respondent's brief, and not to raise new issues. *See, e.g., United States v. Berkeley*, 567 F.3d 703, 711 n.4 (D.C. Cir. 2009)

---

[7] *ABATE v. Midcontinent Ind. Sys. Op.*, Opinion No. 569, 169 FERC ¶ 61,129, PP 340-352 (2019).

[8] *See* Petitioners' Non-binding Statement of Issues to Be Raised, No. 22-1001 (Feb. 11. 2022), Doc. #1934879; Non-binding Statement of Issues to Be Raised by Petitioner Massachusetts Attorney General, No. 21-1223 (Dec. 13, 2021), Doc. #1926475; Petitioners' Preliminary, Non-binding Statement of Issues to Be Raised, No. 21-1224 (Dec. 15, 2021), Doc. #1926725.

("[A]rguments made in reply briefs, particularly supplemental reply briefs, come too late for our consideration."). Requiring Consumer Petitioners to address any impact of *MISO Transmission Owners* in their reply brief would disadvantage both Consumer Petitioners and, potentially, the Commission, which would not have the opportunity to respond to any arguments made for the first time on reply.

In short, nothing in Mystic's opposition rebuts Consumer Petitioners' simple point: judicial economy would be best served by delaying briefing in this case until after the Court issues its opinion in *MISO Transmission Owners*. Accordingly, we maintain our request that that these consolidated proceedings be held in abeyance until 30 days after this Court issues its decision in *MISO Transmission Owners*, No. 16-1325, at which time the parties will file, jointly or individually, motions to govern future proceedings.

Respectfully submitted,

| | |
|---|---|
| */s/ Seth A. Hollander* | */s/ Scott H. Strauss* |
| Seth A. Hollander | Scott H. Strauss |
| Assistant Attorney General—Special Litigation | Jeffrey A. Schwarz |
| | Latif M. Nurani |
| CONNECTICUT OFFICE OF THE ATTORNEY GENERAL | Amber L. Martin Stone |
| | SPIEGEL & MCDIARMID LLP |
| 10 Franklin Square | 1875 Eye Street NW |
| New Britain, CT 06051 | Suite 700 |
| Tel. (860) 827-2681 | Washington, DC 20006 |
| seth.hollander@ct.gov | Tel. (202) 879-4000 |
| | scott.strauss@spiegelmcd.com |
| | jeffrey.schwarz@spiegelmcd.com |
| | latif.nurani@spiegelmcd.com |
| | amber.martin@spiegelmcd.com |

*Counsel for Connecticut Public Utilities Regulatory Authority*

| | |
|---|---|
| */s/ Kirsten S. P. Rigney* | */s/ William E. Dornbos* |
| Kirsten S. P. Rigney | William E. Dornbos |
| Legal Director, Bureau of Energy Technology Policy | Assistant Attorney General |
| CONNECTICUT DEPARTMENT OF ENERGY AND ENVIRONMENTAL PROTECTION | CONNECTICUT OFFICE OF THE ATTORNEY GENERAL |
| | 165 Capitol Avenue |
| 10 Franklin Square | Hartford, CT 06141-0120 |
| New Britain, CT 06051 | Tel. (860) 808-5250 |
| Tel. (860) 827-2984 | william.dornbos@ct.gov |
| kirsten.rigney@ct.gov | |

*Counsel for Connecticut Department of Energy and Environmental Protection*

6

| | |
|---|---|
| */s/ Andrew W. Minikowski* <br> Andrew W. Minikowski <br> Julie Datres <br> Staff Attorneys <br> CONNECTICUT OFFICE OF CONSUMER COUNSEL <br> 10 Franklin Square <br> New Britain CT 06051 <br> Tel. (860) 827-2922 <br> andrew.minikowski@ct.gov <br> julie.datres@ct.gov <br><br> *Counsel for Connecticut Office of Consumer Counsel* | s/ *John P. Coyle* <br> John P. Coyle <br> DUNCAN & ALLEN LLP <br> 1730 Rhode Island Ave, NW, Suite 700 <br> Washington, DC 20036 <br> Tel. (202) 289-8400 <br> jpc@duncanallen.com <br><br> *Counsel for Braintree Electric Light Department, Concord Municipal Light Plant, Georgetown Municipal Light Department, Hingham Municipal Lighting Plant, Littleton Electric Light and Water Department, Middleborough Gas & Electric Department, Middleton Electric Light Department, Norwood Municipal Light Department, Reading Municipal Light Department, Taunton Municipal Lighting Plant, Wellesley Municipal Light Plant, and Westfield Gas & Electric Light Department (the "Eastern New England Consumer-Owned Systems")* |

MAURA HEALEY
ATTORNEY GENERAL

| | |
|---|---|
| */s/ Christina H. Belew* <br> Christina H. Belew <br>  Assistant Attorney General <br> OFFICE OF RATEPAYER ADVOCACY <br> OFFICE OF THE ATTORNEY GENERAL OF MASSACHUSETTS <br> One Ashburton Place, 18th Floor <br> Boston, Massachusetts 02108 <br> Tel. (617) 963-2380 <br> christina.belew@state.mass.us | */s/ Ashley M. Bond* <br> Ashley M. Bond <br> DUNCAN & ALLEN LLP <br> 1730 Rhode Island Avenue NW <br> Suite 700 <br> Washington, DC 20036 <br> Tel. (202) 289-8400 <br> amb@duncanallen.com |

*Counsel for the Massachusetts Attorney General*

July 19, 2022

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 966 words, excluding the parts exempted by Fed. R. App. P. 32(f).

*/s/ Scott H. Strauss*
Scott H. Strauss

Law Offices of:
    Spiegel & McDiarmid LLP
    1875 Eye Street NW
    Suite 700
    Washington, DC 20006
    (202) 879-4000

July 19, 2022

# CERTIFICATE OF SERVICE

I hereby certify that I have on this 19th day of July, 2022, caused the foregoing motion to be electronically served through the Court's CM/ECF system.

                                             */s/ Scott H. Strauss*
                                             Scott H. Strauss

Law Offices of:
    Spiegel & McDiarmid LLP
    1875 Eye Street, NW
    Suite 700
    Washington, DC  20006
    (202) 879-4000