# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Constellation Mystic      )
  Power, LLC, *et al.*     )
     Petitioners,    )
                  )
     v.         )     No. 21-1198, *et al.*
                  )     (consolidated)
Federal Energy Regulatory  )
  Commission,      )
     Respondent.    )

## MOTION OF RESPONDENT
## FEDERAL ENERGY REGULATORY COMMISSION
## TO EXTEND THE DEADLINE TO FILE THE
## CERTIFIED INDEX TO THE RECORD

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Circuit Rule 27, Respondent Federal Energy Regulatory Commission requests that the Court extend by 60 days the November 29, 2021 deadline established in the Court's December 3, 2021 order for the Commission to file the certified index to the agency record. The extension is requested so that the Commission may retain jurisdiction to address a request for rehearing currently pending before the agency. *See* 16 U.S.C. § 825*l*(b) (upon filing of the agency record, court of appeals shall have "exclusive" jurisdiction "to affirm, modify, or set aside such order in whole or in part").

Petitioners in Case Nos. 21-1222, 21-1223, 21-1224, and 22-1001 do not oppose this motion. Petitioner Constellation Mystic Power, LLC (Case Nos. 21-1198 and 22-1003) opposes the requested relief.

## BACKGROUND

In these consolidated cases, Petitioners have sought review of Commission orders issued in July and November 2021 which set the return on equity that the owners of the Mystic Generation Station may recover under a contract with the New England Independent System Operator. *See Constellation Mystic Power, LLC*, 176 FERC ¶ 61,019 (July 15, 2021), *order on reh'g*, 177 FERC ¶ 61,106 (Nov. 18, 2021).

The Commission previously sought a 60-day extension of the then-current index filing date to allow (1) it to issue an order addressing the numerous requests for rehearing of the initial July 2021 order, and (2) for the coordination of the anticipated petitions for review of that rehearing order. [Doc # 1922521]. The court granted that motion and the Commission issued a rehearing order on November 18, 2021. The state petitioners in Case Nos. 21-1222, 21-1223 and 22-1001, and the municipal utility petitioners in Case No. 21-1224 sought judicial review of that order.

On December 17, 2021, Mystic sought agency rehearing of the November 2021 rehearing order.  In a January 18, 2022 notice, the Commission advised that Mystic's requests for rehearing may be deemed denied by operation of law.  But the Commission also announced that it would address the rehearing request in a subsequent order.  *See Constellation Mystic Power, LLC*, 177 FERC ¶ 62,028 (Jan. 18, 2022).  The same day, Mystic filed a petition for review of the November 2021 rehearing order and the January 2022 notice (Case No. 22-1008).

## Relief Sought

The Commission seeks a 60-day extension of the current index filing date – i.e., until March 29, 2022 – to allow it to retain jurisdiction to issue an order addressing Mystic's request for rehearing of the November 2021 rehearing order.  Section 313 of the Federal Power Act provides that, until the record is filed with the Court, the Commission may "modify or set aside, in whole or in part, any finding or order." *Id.* at § 825*l*(a).  But once the record is filed, the Court's jurisdiction becomes "exclusive." *Id.* at § 825*l*(b).  Extending the index filing date by

60 days would thus permit the Commission to retain jurisdiction to issue the anticipated rehearing order.

Issuance of an order addressing Mystic's pending request for rehearing will provide the Court with the benefit of the Commission's final resolution of the issues on appeal – a resolution which could ultimately narrow some of the issues to be decided. *Cf. Outland v. Civil Aeronautics Bd.*, 284 F.2d 224, 227-28 (D.C. Cir. 1960) (observing that agency rehearing could "render [] judicial review unnecessary"). And even if the rehearing order does not eliminate any issues, it will at least provide the Court with the Commission's views as to the issues raised in Mystic's request for rehearing of the November 2021 rehearing order.

The Commission submits that the requested extension will not materially impact the timing of the resolution of this case. Under the current schedule, Petitioners' initial filings are not due until February 22, 2022. And granting this extension would not preclude the Court from directing the parties to develop a proposal as to the format and timing of briefing in this complex case after those initial filings are made.

4

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests

that the Court extend the current January 28, 2022 deadline for the

Commission to file the certified index to the record by 60 days until

March 29, 2022.

Respectfully submitted,

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C.  20426
Tel.:  (202) 502-8904
Fax:  (202) 273-0901
Email:  Robert.Kennedy@ferc.gov

January 26, 2022

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 32(g), I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 699 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this filing has been prepared in Century Schoolbook 14-point font using Microsoft Word 2010.

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney

Federal Energy Regulatory
  Commission
Washington, D.C.  20426
Tel.: (202) 502-8904
Fax: (202) 273-0901
Email: robert.kennedy@ferc.gov

January 26, 2022

# CERTIFICATE OF SERVICE

I hereby certify that, on January 26, 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney