UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Constellation Mystic Power, LLC, *et al.*<br>    Petitioners,<br><br>    v.<br><br>Federal Energy Regulatory Commission,<br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 21-1198, *et al.*<br>(consolidated) |

## UNOPPOSED MOTION TO GOVERN

Under the Court's October 26, 2022 order and Federal Rule of Appellate Procedure 27, Petitioner Constellation Mystic Power, LLC ("Mystic") submits this motion to govern future proceedings. Mystic has consulted today with counsel for all other parties in this consolidated appeal. No party has said that it will object to the proposal set forth below.

## BACKGROUND

These consolidated petitions originally sought review of four Commission orders concerning the return on equity component of the rates to be charged under a cost-of-service agreement for the continued operation of at the Mystic Generating Station. *See Constellation Mystic Power, LLC*, 176 FERC ¶ 61,019 (July 15, 2021); *on reh'g* 177 FERC

1

¶ 61,106 (Nov. 18, 2021), *on further reh'g* 178 FERC ¶ 61,116 (Feb. 18, 2022), *on further reh'g* 178 FERC ¶ 62,028 (Jan. 18, 2022).

On July 8, 2022, the Massachusetts Attorney General, petitioner in 21-1223, the Connecticut Parties, petitioners in 21-1222 and 22-1001, and Eastern New England Consumer Owned Systems, petitioner in 21-1224, moved to hold this case in abeyance pending the issuance of the Court's decision in *MISO Transmission Owners v. FERC*, No. 16-1325, a case concerning the Commission's methodology for calculating the appropriate return on equity. The Court granted that motion. *See* ECF Doc. #1956639.

On August 9, 2022, the Court issued its decision in *MISO Transmission Owners*. The Court rejected certain challenges to the Commission's return on equity methodology, but vacated the underlying orders and remanded the matter to the Commission because the Court found one aspect of that methodology to be arbitrary and capricious. *See MISO Transmission Owners v. FERC*, 45 F.4th 248 (D.C. Cir. 2022). On the same day, the Court directed the parties in this proceeding to file motions to govern by September 8, 2022. *See* ECF Doc. #1958472. The parties agreed on a proposal and asked this Court to hold these

2

consolidated cases in a short abeyance pending final resolution of the *MISO Transmission Owners* case by this Court. The parties asked, as relevant here, for this Court to direct that a new motion to govern future proceedings be filed within three weeks of the issuance of the mandate in *MISO Transmission Owners*. ECF Doc. #1962611, at 4.

On October 7, 2022, after the mandate issued in *MISO Transmission Owners*, this Court ordered these consolidated cases to remain in abeyance, and directed the parties to file motions to govern future proceedings by October 25. Order, ECF Doc. #1968166, at 2. On October 25, Mystic filed an unopposed motion requesting an additional 90-day abeyance. ECF Doc. #1970457, at 4. The Court granted that motion, directing the parties to file motions to govern future proceedings by January 24, 2023. Order, ECF Doc. #1970708.

## PROPOSAL

All parties agree that this case should remain in abeyance pending further proceedings in the *MISO Transmission Owners* case, now on remand at the Commission. The Commission has taken no action in the *MISO Transmission Owners* docket during the past 90 days. What the Commission does on remand in the *MISO Transmission*

3

*Owners* case could eventually change the Commission's position on some of the issues presented in these consolidated appeals, including possibly leading the Commission to seek a voluntary remand. At the same time, Mystic would oppose an indefinite, lengthy abeyance given that these appeals focus on Mystic's cost recovery for a set period of time that has already begun and ends in 2024, and not all of the issues here are implicated by the *MISO Transmission Owners* proceeding. Thus, the parties have agreed to seek a 90-day abeyance, reserving their rights to seek further abeyance of this proceeding or to propose alternative paths if the *MISO Transmission Owners* case remains pending before the Commission after that time.

Accordingly, Mystic, without opposition, moves this Court for an order: (1) keeping the consolidated petitions, No. 21-1198, *et al.*, in abeyance, and (2) directing that motions to govern future proceedings be filed within 90 days.

Dated: January 24, 2023

Respectfully submitted,

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
F: (804) 698-2251
mfitzgerald@mcguirewoods.com

Noel H. Symons
Katlyn A. Farrell
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, D.C. 20006
T: (202) 857-2929
F: (202) 828-2992
nsymons@mcguirewoods.com
kfarrell@mcguirewoods.com

*Counsel for Constellation Mystic Power, LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 651 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this filing has been prepared in Century Schoolbook 14-point font using Microsoft Word.

Dated: January 24, 2023　　　　　　*/s/ Matthew A. Fitzgerald*
　　　　　　　　　　　　　　　　　Matthew A. Fitzgerald

　　　　　　　　　　　　　　　　　*Counsel for Constellation Mystic Power, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 24, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

*Counsel for Constellation Mystic Power, LLC*